**Remberto Hernandez ZECENA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72857.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 15, 2011.*

Filed June 22, 2011.

Ian Silverberg, Esquire, Hardy Law Group, Reno, NV, for Petitioner.

OIL, Joan H. Hogan, Blair O'Connor, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, NVL–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, for Respondent.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM **

Remberto Hernandez Zecena, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that the presumption of a well-founded fear of future persecution was rebutted by evidence of changed country conditions. *See Kumar v. INS*, 204 F.3d 931, 934 (9th Cir.2000); *see also* 8 C.F.R. § 1208.13(b)(1)(i)(A). We reject

Zecena's contention that the agency's analysis was not sufficiently individualized. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 999–1000 (9th Cir.2003) ("it is entirely appropriate for the BIA" to use its expertise in considering country reports and deciding which portions are relevant to applicant).

The court lacks jurisdiction to review Zecena's contention that he qualifies for humanitarian asylum because he failed to exhaust this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**